FILED
SUPERIOR COURT
OF GUAM

2018 JUN -8 PM 4: 41

CLERK OF COURT

By:_____

**IN THE SUPERIOR COURT OF GUAM**

| THE PEOPLE OF GUAM, | Superior Court Case No. **CF0122-17** |
|---|---|
| Plaintiff, | |
| vs. | **FINDINGS re COMPETENCY and DECISION AND ORDER RE MOTION TO TRANSFER PROBATION TO MENTAL HEALTH COURT** |
| OLIVER J. DESOTO | |
| Defendant. | |

The Court here considers whether Defendant Oliver J. DeSoto is competent to be proceeded against during the remaining term of his probation, and if not, whether his case should be transferred to Mental Health Court. Following arguments on DeSoto's Motion to Transfer Probation to Mental Health Court,[1] and a Forensic Evaluation, the Court finds that DeSoto is not competent and that this matter should be handled by Mental Health Court. The Motion is therefore GRANTED.

## I. PROCEDURAL BACKGROUND

On April 28, 2017, Defendant Oliver J. DeSoto pled guilty to Criminal Mischief (as a Misdemeanor). In taking the plea, the Court found that DeSoto was competent and capable of changing his plea, and that his guilty plea was made knowingly and voluntarily. At no time prior to or during DeSoto's guilty plea did either party raise the issue of DeSoto's competency.

Per the Plea Agreement, the Court sentenced DeSoto to one year of imprisonment and two years of probation. During his probation term, DeSoto must complete 180 hours of

---

[1] Attorney John Morrison of Alternate Public Defender represents DeSoto; Assistant Attorney General Christine Tenorio represents the People of Guam.

community service, stay away from Christopher DeSoto and Feristo Booker, follow treatment recommendations from the Client Services and Family Counseling Division, not possess firearms, and not use drugs or alcohol, among other terms.

Subsequent to the Judgment, DeSoto committed three probation violations. The 1st Violation Report contended that he failed to report for processing after his change of plea hearing. 1st Violation Rep. (Aug. 15, 2017). After being unable to contact DeSoto, the Court issued a Bench Warrant. The 2nd Violation Report reported that he had been charged in CF0638-17. 2nd Violation Rep. (Nov. 15, 2017). The 3rd Violation Report advised that DeSoto had been charged in CM0265-17 for Family Violence (as a Misdemeanor), two counts of Violation of Court Order (as a Misdemeanor), and two counts of Harassment (as a Petty Misdemeanor). 3rd Violation Rep. (Nov. 28, 2017). In CM0265-17, one of the alleged victims was the same victim in this case, CF0122-17. Also in CM0265-17, DeSoto pled guilty to the Family Violence charge.

Mid-way through this two year term of probation, on March 7, 2018, DeSoto filed a Motion to Transfer Probation to Mental Health Court. According to DeSoto, he was found incompetent to be proceeded against in CF0638-17.[2] CF0638-17 involved a Criminal Mischief charge in which the victim was Desoto's family member. DeSoto asks that his probation in this case be transferred to Mental Health Court which can then determine what term of probation DeSoto can accomplish in the remaining time period based on his mental capacity. Following the Motion to Transfer, which the People did not oppose, the Court ordered a Forensic Evaluation.

---

[2] CF0638-17 has since been dismissed without prejudice.

Dr. Juan Rapadas, Ph.D., performed the Forensic Evaluation and ultimately determined that DeSoto was not competent to be proceeded against or understand the framework of the legal system. Dr. Rapadas further diagnosed DeSoto with paranoid schizophrenia, borderline intellectual functioning, alcohol and substance use, and legal problems. Dr. Rapadas noted that in earlier evaluations, DeSoto had been found to be competent. However, "with age and time and without treatment for his chronic schizophrenia, he may become less competent than he is today." For. Eval. at 3 (Apr. 19, 2018).

## II.    COURT'S FINDINGS RE COMPETENCY

According to Guam law, "A defendant is incompetent to be proceeded against in a criminal action if, as a result of mental illness, disease or defect, he is unable (1) to understand the nature of the proceedings, (2) to assist and cooperate with his counsel, (3) to follow the evidence, or (4) to participate in his defense." 9 GCA § 7.37(a). The Court has the duty "to make specific judicial determination of competence to stand trial, rather than accept psychiatric advice as determinative on this issue." *U.S. v. Weston*, 36 F.Supp.2d 7, 9 (D.C. 1999). "[I]t is not enough for the . . . judge to find that the defendant is oriented to time and place and has some recollection of events, but that the rest must be whether he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding - and whether he has a rational as well as factual understanding of the proceedings against him." *Dusky v. U.S.*, 362 U.S. 402 (1960).

The forensic evaluation revealed that DeSoto "probably believes he is somewhat assertive regarding self-advocacy but he is not realistically so." For. Eval. at 7. According to the evaluation, DeSoto has neither the rational nor factual understanding of the charges and punishment against him nor the ability to cooperate with an attorney in his own defense. For.

Eval. at 4. His understanding of the legal system, is "shallow" and "cursory" at best. *Id.* Further, "his inability to quietly listen and comprehend his attorney and to engage in a good plan on how to proceed with his defense is very evident as he suffers from his current, acute, chronic and untreated mental illness." *Id.*

Based on the Forensic Evaluation, the Court finds that DeSoto is no longer competent to be proceeded against. His current mental condition, which has deteriorated from the time of his guilty plea, may prohibit him from being able to complete important aspects of his probation, including the imposed stay away orders and the community service, as well as the monetary fines and restitution. DeSoto's guilty plea to a family violence charge involving Christopher DeSoto suggests DeSoto is incapable of complying with the terms of his probation. Furthermore, should he violate probation even further, DeSoto's reduced mental capacity affects his ability to cooperate with his counsel for his defense.

Pursuant to Administrative Rule 16-002, "[a]ll cases in which the defendant has been deemed unable to be proceeded against due to their mental state as determined by the assigned judge . . . shall be reassigned to the Mental Health Court for all subsequent proceedings." Administrative Rule 16-002. Thus, the Court find its appropriate to reassign the matter to Mental Health Court which can assess to what extent DeSoto may complete probation. The court agrees with Dr. Rapadas that Mental Health Court can work closely with GBHWC to engage DeSoto in psychological therapies and/or intensive case management.

## III.     CONCLUSION & ORDER

For the foregoing reasons, the Court hereby finds and concludes that DeSoto is no longer competent to be proceeded against and GRANTS DeSoto's Motion to Transfer Probation to

Mental Health Court. The Court ORDERS that this matter be reassigned and transferred to

Mental Health Court.

SO ORDERED this 8th day of June 2018.

HON. ELYZE M. IRIARTE
Judge, Superior Court of Guam

SERVICE VIA COURT BOX

I acknowledge that a copy of the
original hereto was placed in the
court box of AG; APD

Date: 6/8/18 Time: 4:45

Deputy Clerk, Superior Court of Guam